ADMINISTRATOR OF JONATHAN MOORE *vs.* WALLACE VAIL and others.

A mortgagor conveying the premises procured and delivered to the vendee a receipt from the mortgagee showing that the interest on the mortgage was paid to time of sale. The vendee afterwards sold the premises,

Moore *v.* Vail.

stating that the interest was paid as above, but subsequently redelivered the receipt to his vendor, who gave it up to the mortgagee. *Held*, that the interest could not be recovered against the second vendee on a foreclosure of the mortgage.

*I. V. Voorhees,* for complainant.

*Beasley,* for defendants.

The Chancellor. The validity of the mortgage which the complainant seeks to foreclose is not disputed. The only question raised by the evidence is, whether the complainant is entitled to recover four years' interest from the date of the mortgage, on the 12th of April, 1853, to the 12th of April, 1857. The interest, it is conceded, has not been paid. The defendant relies on the following facts to sustain his defence to that part of the claim.

In June, 1857, Augustus Moore, the mortgagor, conveyed the premises subject to the mortgage to George Angleman, the purchaser, by the terms of the deed engaging to pay the mortgage, with interest from the date of the conveyance, that being deemed and computed as a part of the purchase money. With the deed, the vendor delivered to the purchaser a receipt from the mortgagee for four years' interest on the mortgage up to the 12th of April, 1857.

While this receipt remained in Angleman's possession, on the 23d of September, 1857, he conveyed the premises to Wallace Vail, the purchaser by the terms of the deed, engaging to pay the mortgage with interest from the date of the conveyance. At the time of the conveyance Angleman held the receipt of the mortgagee for the interest in question. By the terms of the contract, the interest was to be discharged up to the 12th of April, 1857, and Angleman represented to Vail that the interest had been paid, though he did not exhibit the receipt of the mortgagee.

After the conveyance to Vail, the mortgagor, Augustus Moore, obtained the receipt of the mortgagee from

Angleman, upon some arrangement between themselves, and returned it to the mortgagee, by whom it was cancelled. Augustus Moore, the mortgagor, now alleges that he obtained the receipt from the mortgagee, his father, without paying the interest, upon an agreement that Angleman would, out of the proceeds of the sale to Vail, pay him sufficient to satisfy the interest; that the receipt was necessary to clear the title, and as soon as the money was received he would pay the interest; that Angleman failed to perform his agreement, and that he, the mortgagor, never did pay the interest to his father.

It is clear that the surrender of the receipt by Angleman, after he had parted with the title, could in no wise affect the rights of his vendee. His rights were settled at the time of the transfer of title, and no subsequent act or declaration of the vendor could impair those rights.

At the time of the sale and conveyance to Vail, Angleman held the mortgagee's receipt for the interest now in dispute. If he had exhibited that receipt to the purchaser, and upon that evidence of payment Vail had taken title, it is admitted that the mortgagee could not recover, because he had enabled the vendor to practise a fraud upon the vendee.

It is urged that, as the vendee did not see the receipt, it in no wise contributed to the fraud; that the purchaser relied alone upon the representation of the vendor, and that the receipt was not used as an instrument of fraud.

But if the receipt was not seen by the purchaser, it nevertheless was held by the vendor, and was delivered to him for the express purpose of enabling him to sell clear of the charge of the interest, the payment of which was admitted by the receipt. It enabled the vendor to represent that the interest was satisfied, and not only justified him in making the representation but enabled him to sustain his assertion by the production of the receipt, if its production had been demanded.

Thus far it has been assumed that the statement of

Augustus Moore is true, and that Angleman, when he took his title and came into the possession of the receipt, knew that the interest had not been paid. This clearly would render the receipt in Angleman's hands nugatory, and place the defence exclusively on the ground that the mortgagee, by giving the receipt, had enabled Angleman to perpetrate a fraud upon his vendee. But this is by no means the strongest view of the defence. Angleman testifies that he had no knowledge that the interest had not been paid by the mortgagor until after he had conveyed the premises to Vail, and the evidence warrants the belief that this statement is in accordance with the truth. The receipt for this interest was delivered to Angleman with his title, in accordance with the contract of the mortgagor, that he would discharge this interest. It is hardly probable that when delivering to his vendee a receipt as evidence that he had complied with his contract, and paid the interest, he at the same time informed him that the interest had not been paid. It is evident, moreover, that the mortgagor recognised the receipt as a valid subsisting instrument in the hands of Angleman, and that he paid a valuable consideration to get it out of his hands after the title had been made to Vail. Adopting this as the true theory of the case, justified by the weight of the evidence, there is no room for question that Vail holds these premises clear of the charge of the interest in controversy. It was no encumbrance on the lands while the title remained in Angleman, and from Angleman the title passed in the same condition to Vail.

In either aspect of the case, Vail is entitled to a credit upon the mortgage for the four years' interest specified in the receipt. If the mortgagee suffers loss, his estate must look to the mortgagor for indemnity.

No costs will be allowed as against either party in favor of the other; not against the defendant, for he has been successful in his defence upon the matter in controversy, and because no more has been recovered against him than

he offered, and was willing to pay before the commencement of the suit; not against the complainant, because no legal tender or appropriation was made, and he was compelled to resort to equity to establish his right and recover the amount due upon the mortgage. At the time of the tender, and as a condition of the payment of the money, the defendant demanded a surrender of the bond and mortgage. This clearly rendered the tender ineffectual, either to stop the accruing of interest or to entitle the defendant to costs. *Gammon* v. *Stone*, 1 *Vesey, sen.* 339; *Beames' Equity Costs*, 45, and cases cited in *note q.* See also *Hovenden's note to Lord Cranstown* v. *Johnston*, 3 *Vesey* 170.

The amount tendered merely satisfied the claim of the mortgagee against the mortgaged premises in the hands of the purchaser. It did not extinguish his claim against the mortgagor. The interest in dispute has never been received by the mortgagee. The mortgagor, as it appears by his own evidence, obtained the receipt for the interest upon a promise to pay it, which he never performed. The mortgagee, therefore, was entitled to retain the bond for the purpose of enforcing his claim against the mortgagor.

Decree accordingly.